IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jeferson Rogerio Fausto De Oliveira, | : | |
| | : | Case No. 1:26-cv-425 |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Kevin Raycraft, in his official capacity as | : | |
| Acting Field Director of Enforcement and | : | Order Granting Petition for Writ of |
| Removal Operations, Detroit Field | : | Habeas Corpus |
| Office, Immigrations and Customs | : | |
| Enforcement, *et al.*, | : | |
| | : | |
| Respondents. | : | |

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by

Petitioner Jeferson Rogerio Fausto De Oliveira.  (Doc. 1.)  Respondents filed a Return of Writ

opposing habeas relief, to which Fausto De Oliveira filed a Reply.  (Docs. 5, 6.)

**I.**

Fausto De Oliveira, a native of Brazil, challenges his detention without a bond hearing at

the Butler County, Ohio Correctional Complex in the custody of Respondents.  He asserts that

entered the United States in California from Mexico without being inspected by an immigration

officer on or about June 25, 2024.  (Doc. 1 at PageID 1–2; Doc. 5-1 at PageID 47.)  He was

detained by U.S. Border Patrol agents near the border the next day.  (Doc. 1 at PageID 2; Doc. 5-

1 at PageID 47.)  The Department of Homeland Security ("DHS") initiated removal proceedings

under the Immigration and Nationality Act ("INA") § 240, 8 U.S.C. § 1229a, on June 29, 2024.

(Doc. 1-1 at PageID 32; Doc. 5-1 at PageID 47.)  DHS charged Fausto De Oliveira with a

violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being "an alien present in the

1

United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Doc. 1-1 at PageID 32.)  That same day, DHS released Fausto De Oliveira on his own recognizance in accordance with INA § 236, 8 U.S.C. § 1226.  (Doc. 1-1 at PageID 33.)  Fausto De Oliveira asserts that he applied for asylum on June 25, 2025.  (Doc. 1 at PageID 2; Doc. 1-1 at PageID 34.)

Fausto De Oliveira was re-detained by Respondents on April 25, 2026.  (Doc. 5-1 at PageID 46–48.)  Respondents' records indicate that Fausto De Oliveira has no known criminal history.  (*Id.* at PageID 48.)

Fausto De Oliveira asserts in his Habeas Petition that he is being unlawfully held and denied a constitutionally adequate custody redetermination hearing—a bond hearing—in a misapplication of the INA, 8 U.S.C. §§ 1225(b)(2)(A) and 1226(a).  He asserts that his statutory and due process rights are being violated.  (Doc. 1 at PageID 12–16, 24–26.)[1]  Respondents disagree.

Courts throughout the Sixth Circuit have faced the same legal issues in other immigration cases the past few months.  Respondents concede that the facts here are not materially different from those in the earlier cases.  (Doc. 5 at PageID 44.)  The Sixth Circuit Court of Appeals ruled on May 11, 2026 that noncitizens like Fausto De Oliveira, who entered the United States almost two years ago without being inspected by an immigration officer, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(A)(2).  *Lopez-Campos v. Raycraft*, No. 25-1965, 1969, 1978, 1982, — F.4th —, 2026 WL 1283891, at *3, 11 (6th Cir. May 11, 1973).  Rather, they are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  *Id.* at *3, 11, 13.  Therefore, Respondents are violating Fausto De Oliveira's statutory rights under the INA and due process

---

[1]  Fausto De Oliveira also asserts that he is entitled to relief under the Administrative Procedure Act, the Suspension Clause of the United States Constitution, and the Fourth Amendment. (Doc. 1 at PageID 16–20, 26–28.)  The Court need not address those claims, because it is awarding relief under the INA and the Due Process Clause.

rights under the Fifth Amendment by detaining him without a bond hearing.  *Id.*  To be clear, even absent the recent Sixth Circuit ruling, this Court has held and does hold the same.  *See*, *e.g.*, *Ramirez Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359 (S.D. Ohio Mar. 17, 2026); *Valdez Lopez v. Raycraft*, No. 1:26-cv-68, 2026 WL 900063 (S.D. Ohio Apr. 2, 2026); *Rocha Gonzalez v. Lynch*, No. 1:26-cv-77, 2026 WL 962004 (S.D. Ohio Apr. 9, 2026).

One other issue bears mention in this case.  Respondents argue that the Court should require that Fausto De Oliveira exhaust his administrative remedies before issuing relief.  But the Court decided in the earlier cases that exhaustion would be futile and is not required in these circumstances.  *See Ramirez Quintana*, 2026 WL 746359, at *4–6; *Valdez Lopez*, 2026 WL 900063, at *3–4; *Rocha Gonzalez*, 2026 WL 962004, at *3.

**II.**

The Habeas Petition (Doc. 1) is **GRANTED**.  The Court ORDERS that within seven days of entry of this Order, Respondents shall either (1) provide Fausto De Oliveira with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Fausto De Oliveira from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Fausto De Oliveira from custody, then:

(1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Respondents shall bear the burden of persuasion to justify Fausto De Oliveira's continued detention and adduce clear and convincing evidence that Fausto De Oliveira is a danger to the community or a risk of flight.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and

(4) the Immigration Judge shall consider whether less restrictive alternatives to

detention can reasonably address the Government's interest, as well as Fausto De Oliveira's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further ORDERS that within ten days of entry of this Order, Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination hearing was held or whether and when Fausto De Oliveira was released from custody.[2]

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott

Susan J. Dlott
United States District Judge

---

[2] Fausto De Oliveira seeks attorney fees and costs. (Doc. 1 at PageID 29.) The Equal Access to Justice Act permits a court to award "reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412(b). The Court will consider a motion for attorney fees and costs filed in conformity with the procedures set forth in the statute and the local rules.