IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeferson Rogerio Fausto De Oliveira,    :
                                         :
        Petitioner,                      :        Case No. 1:26-cv-425
                                         :
            v.                           :
                                         :        Judge Susan J. Dlott
Kevin Raycraft, in his official capacity as   :
Acting Field Director of Enforcement and      :
Removal Operations, Detroit Field             :        Order Denying Motion to Enforce Order
Office, Immigration and Customs               :
Enforcement, *et al.*,                        :
                                         :
        Respondents.                     :


Pending before the Court is Petitioner Jeferson Rogerio Fausto De Oliveira's Motion to

Enforce Order Granting Petition for Writ of Habeas Corpus.  (Doc. 10.)  Respondents filed a

Status Report and Response in Opposition.  (Doc. 12.)  For the reasons that follow, the Court

will **DENY** the Motion to Enforce Order.

I.      BACKGROUND

Fausto De Oliveira, a native of Brazil, entered the United States from Mexico without

being inspected by an immigration officer on or about June 25, 2024.  (Doc. 1 at PageID 1–2;

Doc. 5-1 at PageID 47.)  He was detained by U.S. Border Patrol agents near the border the next

day, but the Department of Homeland Security released him on his own recognizance on June

29, 2024.  (Doc. 1 at PageID 2; Doc. 1-1 at PageID 33; Doc. 5-1 at PageID 47.)  Fausto De

Oliveira was re-detained by Respondents on April 25, 2026.  (Doc. 5-1 at PageID 46–48.)  He

filed a Habeas Petition challenging his detention by Respondents without a bond hearing.  (Doc.

1.)

1

The Court issued the Order Granting Petition for Writ of Habeas Corpus on May 13, 2026 holding that Respondents were violating Fausto De Oliveira's statutory rights under the Immigration and Nationality Act and due process rights under the Fifth Amendment by detaining him without a bond hearing.  (Doc. 8 at PageID 54–55.)  The Court ordered as follows:

> Respondents shall either (1) provide Fausto De Oliveira with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Fausto De Oliveira from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Fausto De Oliveira from custody, then:
>
> (1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;
>
> (2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;
>
> (3) Respondents shall bear the burden of persuasion to justify Fausto De Oliveira's continued detention and adduce clear and convincing evidence that Fausto De Oliveira is a danger to the community or a risk of flight.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and
>
> (4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Fausto De Oliveira's "ability to pay when setting any bond amount."  *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

(*Id.* at PageID 55–56.)

Immigration Judge ("IJ") Monte Horton held a bond hearing on May 20, 2026.  (Doc. 10-1 at PageID 64.)  He denied the bond stating summarily that "[t]he Court finds the [Petitioner] to be a flight risk due to minimal ties to the community and relief that is speculative."  (*Id.*)[1]

---

[1]  A Department of Justice policy manual authorizes an immigration judge to issue an oral decision and prepares a written decision only if either party appeals. *See* Executive Office for Immigration Review, EOIR Policy Manual, Part II - OCIF Immigration Court Practice Manual, 8.3 - Bond Proceedings, § 8.3(e)(7), https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last viewed 6/16/2026).  The Code of Federal Regulations likewise authorizes an immigration judge to issue the decision orally or on the form used by IJ Horton.  C.F.R. § 1003.19(f).

Fausto De Oliveira filed the pending Motion to Enforce Order here that same day.  (Doc. 10.)

Respondents then filed their brief in opposition.  (Doc. 12.)

## II.    LAW AND ANALSYIS

A district court generally has limited authority to act when an immigration judge has held

a bond determination hearing:

> The Attorney General's discretionary judgment regarding the application of this
> section shall not be subject to review. No court may set aside any action or
> decision by the Attorney General under this section regarding the detention of any
> alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  Appeals of a bond determination decision by an immigration judge can be

taken to the Board of Immigration Appeals ("BIA").  8 C.F.R. § 1003.19(f).  Further, an

immigration judge's decisions are entitled to a presumption of regularity and a presumption that

all evidence was considered.  *See Aoraha v. Gonzalez*, 209 F. App'x 473, 476 (6th Cir. 2006)

("The agency's decision is entitled to a presumption of regularity and thus a presumption that the

evidence was considered."); *Gutierrez v. Raycraft*, No. 1:26-CV-69, 2026 WL 543676, at *1

(S.D. Ohio Feb. 26, 2026) (finding that the decision of an immigration judge is entitled to a

presumption of regularity).

But district courts have jurisdiction to review an immigration judge's discretionary bond

denial "where that bond denial is challenged as legally erroneous or unconstitutional."  *Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 676 (E.D. Mich. 2020) (citation omitted); *see also Diallo v. Raycraft*, No. 1:26-cv-423, — F.Supp.3d —, 2026 WL 1487286, at *1 (S.D. Ohio May 18, 2026) (citing and applying *Diaz-Calderon*).[2]  District courts also have authority to enforce their

---

[2]  The district court in the *Diaz-Calderon* explained:

> [A] district court sitting in habeas to review due process challenges to immigration bond hearings
> must proceed carefully, as "it has no authority to encroach upon an IJ's discretionary weighing of
> the evidence." *Arellano v. Sessions*, 2019 WL 3387210, at *7 (W.D.N.Y. 2019). Instead, courts
> must decide whether the IJ "relied upon proof—that as a matter of law—could not establish" that a

orders granting habeas relief.  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010) ("[B]ecause a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated.").

Fausto De Oliveira concedes that IJ Horton acknowledged at the bond hearing that Respondents had the burden to prove by clear and convincing evidence that Fausto De Oliveira was a flight risk or danger to the community.  (Doc. 10 at PageID 60.)  He merely challenges the result of IJ Horton's weighing of the evidence, arguing that IJ Horton "committ[ed] an abuse of discretion."  (*Id.* at PageID 61.)

The basis for IJ Horton's decision is apparent from the arguments made by the parties. Respondents argued that Fausto De Oliveira was a flight risk because his asylum petition is likely to be denied and because he has minimal ties to the community.  Respondents pointed out that Fausto De Oliveira does not have immediate relatives with legal status in the United States. And he had been in the country for less than two years when he was re-detained.  The Court cannot say that this evidence taken as a whole constitutes a legally erroneous basis for IJ Horton to have concluded that Fausto De Oliveira is a flight risk.  Although Fausto De Oliveira provided some evidence to the contrary, including that he was employed, the Court cannot on this record encroach upon IJ Horton's discretionary weighing of the evidence.  *Diaz-Calderon*, 535 F.Supp.3d at 676.  Fausto De Oliveira still can appeal the bond denial to the BIA.

---

petitioner is a danger to the community. *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008). For example, the Supreme Court has limited "preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Zadvydas*, 533 U.S. at 691, 121 S.Ct. 2491. Detention based on dangerousness, without an adequate showing by the government, "would be antithetical to the Fifth Amendment's Due Process Clause protections." *Hamama v. Adducci*, 2019 WL 1492038, at *2 (E.D. Mich. 2019).

*Id.*

**III.     CONCLUSION**

For these reasons, Petitioner's Motion to Enforce Order Granting Petition for Writ of

Habeas Corpus is **DENIED**.  (Doc. 10.)

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott

Susan J. Dlott
United States District Judge